UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| CHASITY COLTON | CIVIL ACTION NO. 6:19-cv-00905 |
| VERSUS | JUDGE SUMMERHAYS |
| BOZA WILLIAMS MARSAL, ET AL. | MAGISTRATE JUDGE HANNA |

**REPORT AND RECOMMENDATION**

Currently pending is plaintiff Chasity Colton's motion for remand. (Rec. Doc. 10). The motion was referred to the undersigned magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this Court. The defendants did not oppose the motion. Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, it is recommended that the motion should be granted, and this matter should be remanded to state court.

**Background**

This lawsuit began in the 16th Judicial District Court, St. Martin Parish, Louisiana. The plaintiff alleged in her petition for damages that she was injured in a motor vehicle accident in July 2018. She also alleged that the accident resulted from the negligence of Boza Williams Marsal, who was purportedly in the course and scope of his employment with Mambo Transport, LLC at the time of the accident and insured by Qualitas Insurance Company. She also alleged that Progressive

Paloverde Insurance Company provided a policy of uninsured/underinsured motorist insurance covering the vehicle she was driving at the time of the accident. The plaintiff sued Mr. Marsal, Mambo, Qualitas, and Progressive.

Qualitas removed the action, arguing that this court has subject-matter jurisdiction under 28 U.S.C. § 1332 because the amount in controversy exceeds the statutory minimum and the parties are diverse in citizenship. In support of her motion for remand, the plaintiff argued that the amount-in-controversy requirement is not satisfied.

## Law and Analysis

"Federal courts are courts of limited jurisdiction. Absent jurisdiction conferred by statute, district courts lack power to consider claims."[1] Federal courts have subject-matter jurisdiction only over civil actions presenting a federal question[2] and those in which the amount in controversy exceeds $75,000 exclusive of interest and costs and the parties are citizens of different states.[3] A suit is presumed to lie beyond the scope of federal-court jurisdiction until the party invoking federal-court

---

[1]   *Veldhoen v. U.S. Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994). See, also, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

[2]   28 U.S.C. § 1331.

[3]   28 U.S.C. § 1332.

jurisdiction establishes otherwise.[4] Similarly, any doubts regarding whether removal jurisdiction is proper should be resolved against federal-court jurisdiction.[5] The party invoking the court's subject-matter jurisdiction has the burden of establishing the court's jurisdiction.[6] Thus, when a lawsuit has been removed from state court, as this suit has, the removing party – in this case Qualitas – must bear that burden.[7] Remand is required "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction."[8]

The plaintiff's motion for remand rests upon her post-removal stipulation. The plaintiff stipulated that the amount in controversy is less than $75,000 and further stipulated that she renounces the right to accept a judgment in excess of that figure. (Rec. Doc. 10-1). The amount in controversy is determined by the amount sought to be recovered in the plaintiff's pleadings if the claim is made in good faith.[9] When, as in this case, the action has been removed and state law prohibits the

---

[4] *Kokkonen v. Guardian Life*, 511 U.S. at 377; *Howery v. Allstate*, 243 F.3d at 916.

[5] *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

[6] *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *Gaitor v. Peninsular & Occidental S. S. Co.*, 287 F.2d 252, 253 (5th Cir. 1961).

[7] *Shearer v. Southwest Service Life Ins. Co.*, 516 F.3d 276, 278 (5th Cir. 2008); *Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005).

[8] 28 U.S.C. § 1447(c).

[9] See generally *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). See, also, *Boelens v. Redman Homes, Inc.*, 748 F.2d 1058, 1069 (5th Cir. 1984).

plaintiff from demanding a specific amount in his state-court petition, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.[10] There are two ways this burden can be met. Either the court can determine that the amount in controversy is facially apparent or the court may rely on summary-judgment-type evidence to ascertain the amount in controversy.[11] "[O]nce the district court's jurisdiction is established, subsequent events that reduce the amount in controversy to less than $75,000 generally do not divest the court of diversity jurisdiction."[12] Therefore, a post-removal stipulation seeking to change the amount in controversy will not divest the federal court of subject-matter jurisdiction. But if the plaintiff's petition is ambiguous as to whether the requisite amount in controversy is satisfied, a district court may consider a post-removal affidavit that clarifies the original complaint.[13]

The removing defendant presented no summary-judgment-type evidence in support of its contention that the amount in controversy is satisfied in this case. Instead, the removing defendant pointed to the types of damages sought to be recovered, suggested that damages awarded in comparable cases should be

---

[10]   *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993).

[11]   *Scarlott v. Nissan North America, Inc.*, 771 F.3d 883, 888 (5th Cir. 2014).

[12]   *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000).

[13]   *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d at 883.

considered, and argued that this issue should be governed by the plaintiff's failure to include in her petition an allegation comporting with Louisiana Civil Code Article 893(A)(1). These arguments lack merit.

First, the amount in controversy is not apparent on the face of the plaintiff's petition. While the plaintiff alleged that she sustained "severe and disabling injuries" (Rec. Doc. 1-2 at 3) and expressly sought to recover several categories of damages, including but not limited to damages for mental and physical pain and suffering, medical expenses, property damage, rental expenses, lost wages, and lost earning capacity, her petition contained no quantification of those damages and provided no mechanism for calculating them. The true nature, extent, and severity of her alleged injuries and losses was not set forth in her petition. For example, she did not state how much time she lost from work or how much she was earning; she did not describe the medical treatment she has already undergone or what procedures might be required in the future; she did not set forth the cost of any past or future medical treatment; and she did not value her damaged property. Although such damages could potentially support an award in excess of $75,000, the petition does not suggest that the plaintiff's injuries were severe enough to justify damages exceeding that amount. Second, without knowing the true nature and extent of the plaintiff's injuries, it is impossible to locate comparable damages awards in the

jurisprudence. Third, the failure to include an Article 893 stipulation, standing alone, is insufficient to establish the amount in controversy.[14]

This Court therefore concludes that the plaintiff's petition was ambiguous with regard to the amount in controversy at the time of removal, and the plaintiff's stipulation can be considered. Such a stipulation that expressly renounces the plaintiff's right to recover in excess of $75,000 if successful is binding.[15] This Court therefore finds that plaintiff's stipulation was offered for the purpose of clarifying the amount in controversy at the time of removal, and further finds that the amount in controversy at the time of removal was less than the statutory minimum for subject-matter jurisdiction in federal court. Because the removing defendant cannot establish that the amount-in-controversy requirement has been satisfied, this Court need not consider whether the parties are diverse in citizenship. The court lacks subject-matter jurisdiction, and remand of this action is appropriate.

---

[14] See, e.g., *Hammond v. Stears*, No. 19-682-SDD-EWD, 2019 WL 5085426, at *3 n. 22 (M.D. La. Oct. 10, 2019); *Neely v. Ashton*, No. 18-cv-0517, 2018 WL 3422784, at *2 (W.D. La. May 31, 2018), report and recommendation adopted, 2018 WL 3420818 (W.D. La. July 13, 2018); *Meche v. Lakezone Express, LLC*, No. 6:16-cv-00521, 2016 WL 6917266, at *4 (W.D. La. Nov. 7, 2016); *Trahan v. Drury Hotels Co., LLC*, No. 11-521, 2011 WL 2470982, at *4 (E.D. La. June 20, 2011).

[15] See, e.g., *Williams v. Ford Motor Company*, No. 17-3958, 2018 WL 6600109, at *3 (E.D. La. Dec. 17, 2018); *McGlynn v. Huston*, 693 F.Supp.2d 585, 593 (M.D. La. 2010)

## **Conclusion**

For the foregoing reasons, IT IS RECOMMENDED that the plaintiff's motion (Rec. Doc. 10) should be GRANTED, and this matter should be REMANDED to the 16th Judicial District Court, St. Martin Parish, Louisiana.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.[16]

---

[16] See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1).

Signed at Lafayette, Louisiana, this 25th day of October 2019.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE